## R. SANTAELLA Y HNO., INC., Petitioner v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 696. Argued February 24, 1930.—Decided March 11, 1930.

*Angel A. Vázquez,* for petitioner. *James R. Beverley, Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for the Industrial Commission. *R. Sancho Bonet,* for the injured workman.

MR. JUSTICE ALDREY delivered the opinion of the court.

Juan Antonio Collazo, a workman, petitioned the Industrial Commission for compensation based on an accident, which occurred in the course of his work and had caused him certain injuries. The Commission rendered a decision granting him an award and ordering that the same be paid by the corporation R. Santaella y Hno., Inc., as an uninsured employer. Thereupon the corporation applied to the District Court of San Juan for a review of that decision, in accordance with the law, and alleged that the decision was made on evidence which it did not have an opportunity to meet; and that it was not an employer of Juan Antonio Collazo at the time of the accident. Upon the filing of such an applica-

tion the district court ordered that the record of the proceed-ings had before the Industrial Commission be sent up for review and, after a hearing attended by the parties in interest, it affirmed the decision appealed from.

To review that judgment of the district court R. Santaella y Hno., Inc., instituted the present certiorari proceedings and alleged that the lower court erred in affirming the decision of the Industrial Commission, which had denied petitioner an opportunity to defend against certain evidence, and that it is not an employer of the injured workman. Pursuant to the writ sued out herein, we have received the record of the proceedings in the district court as well as of those in the Industrial Commission; and a hearing was had, in which the parties appeared represented by counsel.

The corporation R. Santaella y Hno., Inc., was summoned as an uninsured employer by the Industrial Commission to appear before it on April 4, 1929, in connection with this matter, and in the notice the injuries sustained by the workman were stated. On that date the hearing of the case took place and, subsequently, some X-Ray photographs were made of the workman. Thereafter, and referring to those photographs, Dr. Guzmán Soto reported in writing his opinion as to the consequences of the injuries sustained by the workman and as to the incapacity resulting therefrom. Based on this report, the Commission found that the workman had been permanently incapacitated for work, and it accordingly determined the amount which should be paid to him by R. Santaella y Hno., Inc., as an uninsured employer.

Act No. 85 of 1928, relating to workmen's compensation, prescribes in the proviso included in section 25 thereof that the commission shall grant both the employer and the workman in the case an opportunity to be heard and to defend themselves, conforming as far as possible to the practices observed by the district courts; and as it is an elementary principle of law that no one may be deprived of his property without due process of law, and inasmuch as the law provides

668

that all persons shall have an opportunity to defend themselves and, hence, all the evidence should be introduced before such persons in order that they may have an opportunity to meet it, we think that in this case R. Santaella y Hno., Inc., was deprived of that right, since it never had an opportunity to contradict the report and the conclusions reached by Dr. Guzmán Soto which formed the basis for the award in this case. For this reason the lower court erred in affirming the said decision, basing its action also on the said medical report.

As to whether or not the petitioner is an employer of the workman, this is not a proper question for determination in the certiorari proceeding herein.

For the foregoing reasons the judgment under review must be vacated and another rendered instead setting aside the decision of the Industrial Commission, to which the record must be returned with instructions to give R. Santaella y Hno., Inc., an opportunity to defend itself.